**L.A. DONNAN, David H. Donnan, Mrs. J.R. Beeson, James C. Donnan, and Lewis M. Donnan, Appellants,**

v.

**ATLANTIC RICHFIELD and Huisache Operating Company, Appellees.**

No. 13–86–434–CV.

Court of Appeals of Texas, Corpus Christi.

May 20, 1987.

Rehearing Denied June 18, 1987.

A. Kemp Adams, Charles R. Cunningham, Corpus Christi, for appellants.

Scott J. Duncan, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

This appeal involves a pooling agreement, for the production of gas, involving nearly three hundred and thirty acres in San Patricio County. The trial court granted a summary judgment in favor of the appellees. Appellants bring three points of error. We affirm the judgment of the trial court.

Huisache and Atlantic executed a "pooling designation" on October 25, 1974, which was filed in the Oil, Gas and Mineral Records of San Patricio County. Huisache and Atlantic acquired numerous leases and entered a pooling designation which covered 329.66 acres. Atlantic obtained leases from cotenants of Mattie Donnan, the predecessor in title to appellants. Appellants inherited from Mattie Donnan by intestate succession. It is undisputed that the appellants own an undivided 1/12th interest in a 38.0 acre tract and an undivided 1/3 interest in an 8.0 acre tract, both of which are within the 329.66 acres described in the pooling designation. However, neither Huisache nor Atlantic have a lease covering the appellants' interest, nor do they have any records of any attempt to lease those interests. Appellants were not parties to the pooling designation. One well, known as the Farrell D. Smith Gas Unit number 1, operated on the acreage described in the pooling designation. However, neither the well nor the well bore was located on any land to which the appellants own an interest. Presently, there is no production from that well, and Huisache and Atlantic do not anticipate production in the future. Between 1975 and 1983, the Farrell D. Smith Gas Unit number 1 well produced 509,309 MCF (1,000 cubic feet) of gas and 8,031 barrels of condensate.

In summary, Huisache and Atlantic, pursuant to a pooling designation, drilled a producing well. Although the appellants' property is within the physical boundaries of the property described in the pooling designation, appellants never leased their interests, nor were they offered an opportunity to enter the pooling designation. The well was not located on appellants' property. However, appellants brought suit for a percentage recovery of production. Although appellants made demand for a percentage of past production, this cause does not involve an attempted ratification of a lease.

Appellants, by three points of error, complain that the trial court erred in granting the summary judgment. Appellants argue that the summary judgment evidence creates "a fact issue that ARCO (Atlantic) and Huisache failed to act in good faith and to deal fairly with the Donnans." Specifically, the appellants argue that Atlantic's and Huisache's failure to inform them of the lease with appellants' cotenants, and the failure to inform them of the pooling designation, displayed a lack of good faith and fair dealing.

The motion for summary judgment argued that the appellants failed to state a cause of action upon which they could recover damages, and that the appellants' claims were barred by the statute of limitations. The Texas Supreme Court, in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985), outlined the following standards for reviewing a motion for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter or law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*See also Major Investments, Inc. v. de Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

It is undisputed that Atlantic and the appellants, or the appellants' predecessor in title, were cotenants by virtue of the leases obtained by Atlantic. Huisache was not a cotenant with appellants, but merely a coparty to the pooling designation. There exists no fiduciary or agency relationship between cotenants, or tenants in common, in the absence of an agreement or contract providing for such. *Hamman v. Ritchie*, 547 S.W.2d 698, 706–07 (Tex.Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607, 614 (Tex.Civ.App.—El Paso 1966), *writ ref'd n.r.e. per curiam*, 413 S.W.2d 387 (Tex.1967). There was no duty imposed upon Atlantic to inform appellants or to join appellants in leasing the property. *See Hamman*, 547 S.W.2d at 706; *Whelan v. Placid Oil Co.*, 274 S.W.2d 125, 128 (Tex. Civ.App.—Texarkana 1954, writ ref'd n.r. e.).

1. We note that appellants, and their predecessor in title, had ample opportunity to protect their interests pursuant to Tex.Nat.Res.Code Ann. §§ 102.001–.112 (Vernon 1978). *See also Carson v. Railroad Commission*, 669 S.W.2d 315,

 Further, a cotenant has the right to incorporate a pooling agreement into an oil or gas lease without the consent or joinder of his cotenants, thereby binding his undivided interest. *Whelan*, 274 S.W.2d at 128. Because no minerals were produced from appellants' property and because they had no contractual relationship with Atlantic, Huisache, or any of the owners of interests in the unitized lands, appellants had no rights to minerals produced from the unit without the boundaries of their land. *See Superior Oil Co. v. Roberts*, 398 S.W.2d 276, 278 (Tex.1966).[1] The trial court properly granted summary judgment since appellants failed to state a cause of action upon which they could recover damages.

The judgment of the trial court is affirmed.

317–18 (Tex.1984) (legislative intent in Pooling Act was to permit small acreage owners to "muscle in" to a larger established proration unit).