Stanley **ALLISON**, et ux., Lottie Allison, Seth Millington, et ux., Mable Millington, James Lambert, Lee Morgan, et ux., Geneva Morgan, Barbara Morgan, and Inez Holder, Appellants,

v.

Acel **PARKS**, Barbara Ann Byrom, Larry Marvin Parks, William Kenneth Parks, and Timothy Wayne Parks, Appellees.

No. 2–88–077–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 5, 1989.

Rehearing Denied Feb. 8, 1989.

See also, Tex.App., 751 S.W.2d 332.

Dan B. Grissom, Tom Crum, Granbury, for appellants.

Ben D. Sudderth Law Office, Comanche, Bonnie Sudderth, Fort Worth, for appellees.

Before FENDER, C.J., and FARRIS and KELTNER, JJ.

OPINION

FARRIS, Justice.

The plaintiffs sued defendants seeking to enjoin the defendants from maintaining gates obstructing what the plaintiffs contend is a public road across the property of the defendants. The case was submitted to a jury which found that neither the defendants nor their predecessors in title dedicated the land constituting the disputed roadway to public use. No other theory was submitted to the jury. Judgment was rendered on the verdict for defendants.

The plaintiffs are owners of several tracts of real property located along a road which in part is located upon defendants' property. Plaintiffs contend that an earlier road crossing defendants' property was established by prescriptive easement and that the present road was constructed in 1951 and intended and dedicated by the defendants' predecessors in title as a replacement for the older road.

The defendants contend that plaintiffs have failed to prove an uninterrupted use of the previous road, and that they have failed to conclusively prove or preserve error with regard to the issue of prescriptive easement. Defendants further contend neither they nor their predecessors in title ever dedicated the road to public use or intended it to be other than a private road, but merely permitted plaintiffs to use the road.

On appeal, plaintiffs complain that the trial court erred in overruling their motion for judgment notwithstanding the verdict because the undisputed evidence shows that as a matter of law the public had acquired a roadway easement by prescription and because the evidence was undisputed that the defendants' predecessors in title dedicated the road to the public. Plaintiffs also complain that the trial court erred in overruling their motion for new trial because the jury's finding on the dedication issue was against the great weight and preponderance of the evidence.

We affirm the judgment of the trial court because plaintiffs did not preserve error with regard to the prescriptive easement issue, because a prescriptive easement was not proved as a matter of law, and because we find the jury finding is neither contrary to the undisputed evidence nor against the great weight and preponderance of the evidence.

In their first point of error, plaintiffs complain the trial court erred in overruling their motion for judgment notwithstanding the verdict because the undisputed evidence shows that as a matter of law the public has acquired a roadway easement by prescription over the lands of defendants prior to 1951. We overrule this first point

of error because it has not been preserved for our consideration on appeal. Further, as will become apparent in our discussion of the facts under plaintiffs' second and third points of error, the evidence does not conclusively establish that the present road was intended to replace an earlier road to which plaintiffs possessed a right of prescriptive easement.

■ The proper predicate for preserving a legal sufficiency point of error is to raise the issue in either a motion for instructed verdict, an objection to the submission of a vital fact issue, a motion to disregard the jury finding, a motion for judgment notwithstanding the verdict, or a motion for a new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985).

■ Plaintiffs pleaded a prescriptive easement right and offered some testimony to establish the existence of an older road from approximately 1900 until 1951, and the construction and dedication of the newer road as a replacement for the older one. A change of location of the older road by defendants for their own convenience would not defeat the plaintiffs' right to its use. *Fowler v. Matthews*, 204 S.W.2d 80, 85 (Tex.Civ.App.—Austin 1947, no writ). However, plaintiffs did not move for directed verdict on the prescriptive easement issue, request the submission of any element of prescriptive easement to the jury, or otherwise preserve that point for appeal. A party waives a ground of recovery by failing to request its submission to the jury unless it is established as a matter of law. *Akin v. Dahl*, 661 S.W.2d 911, 913 (Tex. 1983). Plaintiffs contend the point was established as a matter of law and raised in their motion for judgment notwithstanding the verdict; however, upon careful reading we find the motion only challenges the factual sufficiency of the evidence to sustain the jury's finding that neither the defendants nor their predecessors in title intended to dedicate the land constituting the disputed roadway to public use. We note that in their motion for judgment notwithstanding the verdict, plaintiffs contend that defendants offered no evidence to contra-

dict evidence which plaintiffs contend supports their position, and the evidence proves conclusively that the evidence was factually insufficient to support the jury finding. However, in neither instance did plaintiffs raise the issue that a right to a prescriptive easement across defendants' land was established as a matter of law.

A trial court may disregard a jury's answer and sustain a motion for judgment notwithstanding the verdict only if a directed verdict would be proper, see TEX.R.CIV. P. 301, and a directed verdict would be appropriate only if the evidence conclusively established, as a matter of law, the existence of the prescriptive easement.

In considering the second point of error, in which plaintiffs argue that the evidence conclusively establishes dedication, as they have the burden of proof, we must first examine the record for evidence supporting the jury's finding while ignoring all of the evidence to the contrary and if there is no evidence to support the jury's finding, then we must consider the entire record to see if the contrary position is established as a matter of law. *See Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982).

In addressing plaintiffs' third point of error challenging the sufficiency of the evidence to sustain the jury finding of dedication, we are required to consider all the evidence in the case to determine whether the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965).

After reviewing the evidence, we find it does not establish the plaintiffs' right to recovery as a matter of law and that the jury finding is not against the great weight and preponderance of the evidence but is supported by sufficient evidence to sustain the verdict of the jury.

In reviewing the testimony of the various witnesses who testified about the history of the road and its use, it is important that single statements not be taken out of the context of the entire testimony of a witness because each of those lay witnesses made statements which appear contradictory either because of a mistaken idea of the rights of others or of the law, and because of a careless choice of words. An example of such contradiction appears in the testimony of the defendant Marvin Parks who at one time responded he knew that plaintiffs had a "right to use that road" but stated that the road was used with his permission and testified of his right to maintain a gate intersecting the road.

Throughout their brief, plaintiffs rely upon such statements, contending that each conclusively establishes plaintiffs' case, as a matter of law. However, we must consider the facts and circumstances taken together with all reasonable inferences therefrom. *See Ford v. Panhandle & Santa Fe Ry. Co.,* 151 Tex. 538, 252 S.W.2d 561, 562 (1952). There is some evidence, more than a scintilla, if the evidence furnishes a reasonable basis for differing conclusions by reasonable minds as to the existence of a vital fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983).

Hal Morgan, the defendants' predecessor in title, who was not related to the plaintiffs with the same last name, testified that he built the current road to provide "better access to our property and also to help other landowners in there," and he assumed that the plaintiffs, Mr. and Mrs. Millington, had an easement. Morgan intended for the public to be able to use the road and did not feel he had a right to withdraw permission for others to use the road and had no right to revoke the "agreement." However, Morgan also testified he did not believe there was an "understanding" because his main concern was to get to his house on his property, permitting others to continue on the road if they wished, and that the road was an accommodation to others as well as to himself.

■ Marvin Parks, originally a defendant in the case, died before trial and his testimony by deposition was entered into evidence. As noted, Marvin Parks' testimony contained statements which appeared to acknowledge a "right" of the plaintiffs to use the disputed road. However, Mar-

vin Parks' entire testimony does not support the plaintiffs' claim to a prescriptive easement. Parks testified the road was used by plaintiffs with his permission but that he did not want them to use the road. He testified he had maintained a gate across the road for more than thirty years. He stated it was not a county road. He acknowledged some county maintenance of the road, but insisted he had traded gravel for maintenance.

Joe Brown testified he had served for eleven years as county commissioner of the county precinct in which the road was located, and described the procedure for measuring and reporting county roads and testified he had never reported the disputed road as being a county road.

Ed Pfingstein, a registered public surveyor, testified it was his opinion the disputed road was a private road. His opinion was admitted without objection although counsel for the plaintiffs closely cross-examined him on that point.

Acel Parks, the widow of Marvin Parks, testified about: gates maintained across the disputed road; permitting other people to use the road; and the first claim that the road was public, made by any of the plaintiffs, occurring more than thirteen years after the fences had been maintained.

Mable Millington, one of the plaintiffs, acknowledged that Parks had erected a gate across the road in 1956 and the gate had been maintained by the Parks for thirty-one years.

The plaintiffs produced the testimony of a number of witnesses who contradicted defendants' evidence by testifying in support of the plaintiffs' claim for a prescriptive easement. The attorneys for the plaintiffs vigorously cross-examined each of the defendants' witnesses and at times elicited statements which were inconsistent with those witnesses' testimony on direct. Notwithstanding the best efforts of plaintiffs' counsel, the jury found that the defendants and their predecessors in title, the Morgans, had not dedicated the disputed road to the public.

Because we cannot find that plaintiffs have met the test set out in *Holley* and *Garza*, and because plaintiffs failed to preserve the prescriptive easement issue, we overrule each of plaintiffs' points of error and affirm the judgment of the trial court.