**SUN EXPLORATION AND
PRODUCTION COMPANY,
et al., Appellants,**

v.

**Dorothy Brown Cradduck PITZER,
et al., Appellees.**

**No. 11–91–014–CV.**

Court of Appeals of Texas,
Eastland.

Dec. 31, 1991.

Rehearing Denied Jan. 23, 1992.

Cynthia Hollingsworth, David Gibson, Gardere & Wynne, Dallas, for appellants.

George F. Christie, Joe Kelly, Christopher A. Troutt, Pope, Hardwick, Christie, Harrell & Kelly, Fort Worth, Everett J. Grindstaff, Ballinger, for appellees.

## OPINION

DICKENSON, Justice.

The owners of an undivided one-half mineral interest[1] ("the Browns") sued Sun Exploration and Production Company and Sun Operating Limited Partnership ("Sun") and the parties which Sun had thought owned that interest.[2] There is no dispute with the owners of the surface and the other undivided one-half mineral interest.

Sun's predecessor had overlooked the Browns' interest in the 255.5 acres (Tract 41) when it unitized the leases from its lessors on this tract with other tracts of land to create a unit containing 5,677.35 acres for secondary recovery operations using the injection of gas, water, or other substances. There is mineral production from the unit, but there is no production from the Browns' tract.

The Browns recovered judgments for title to their undivided one-half mineral interest from the parties named in footnote two, and the Browns' claims against Sun for damages were tried by jury. Some of the jury's answers favored Sun, but other answers favored the Browns. The trial court rendered judgment that the Browns recover $32,863.00 plus prejudgment interest in the sum of $17,300.67 from Sun, and Sun appeals. We affirm as to the judgment for title against the non-appealing defendants, but we reverse and render as to the judgment for damages against Sun.

1. The successors-in-interest to Recy Cox Stanford, Deceased, are: Dorothy Brown Cradduck Pitzer (⅕ of the ½); the widow of Robert Harold Brown and their three daughters, Dorothy Mae Brown, Patsy Brown, and Linda Brown (⅕ of the ½); Donnie Brown Simpson (⅕ of the ½); Raymond Lee Brown (⅕ of the ½); and James Davis Brown (⅕ of the ½). Mrs. Stanford died in 1966, and her interest was devised to her niece, Ovay Grammar. Miss Grammar died in 1980, and the interest was devised to her niece, Donnie Mae Simpson.

Mrs. Simpson and the other persons named in this footnote executed an agreement for the division of this property in 1986 about the time this lawsuit was filed.

2. Margaret Elizabeth Cox Glenn, Dick Ayers, Kay Kennedy Cox, W.L. Cox, Jr., Sybil Gregory, Louise Guglietti, Gertrude Snyder, Gordon M. Griffin, Inc., Ronald C. Schulz, Individually and as Trustee, Dr. Henry Renfert, J. Robert Brown, Anne Sullivan, and Richard M. Dersham.

## The Jury's Verdict

Omitting the instructions and definitions, the jury's answers and the questions which were submitted are shown in full below:

[1] Was Sun negligent in not obtaining a lease from Plaintiffs and not joining Plaintiffs' mineral interest in the unit? <u>Yes</u>

[2] Did the negligence of Sun proximately cause any damage to Plaintiffs? <u>Yes</u>

[3] What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages that resulted from such negligence? <u>$32,-863.00</u>

[4] Was such negligence "gross negligence"? <u>No</u>

[5] Did the acts of defendant Sun in making royalty payments to the individual Defendants herein, being royalties accruing to the minerals owned by Plaintiffs, constitute conversion? <u>No</u>

[6] Do you find that Donnie Mae Simpson or any of the other Plaintiffs who are the heirs of the estate of Recy Cox Stanford knew or should have known of the negligence and conversion claims alleged against Sun or any of Sun's predecessors in interest in Tract 41 prior to November 18, 1984? <u>No</u>

[7] Do you find that unequal bargaining power existed between Plaintiffs and Defendant Sun? <u>No</u>

[8] No answer required because of negative answer to question 7.

[9] No answer required because of negative answer to question 7.

[10] What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their actual damages, if any, resulting from the breach of good faith and fair dealing, *if any you have found?* [The answer of $32,863.00 is immaterial on this theory of recovery in view of the answer to question 7.]

[11] What sum of money, if any, should be awarded to Plaintiffs against Sun as punitive damages? [The answer

of $15,000 is immaterial in view of the jury's negative answer to question 4. The charge told the jury to answer this question if they had answered "yes" to questions 1, 2, *and 4.*] (Emphasis added)

## Point of Error

Sun presents one point of error. Sun argues, and we agree, that the trial court erred "in granting a judgment for plaintiffs because Sun was not negligent as a matter of law." We note that the only basis for the judgment against Sun was the jury's answer to the "negligence questions," numbers [1], [2], and [3].

Sun had no obligation to pay royalties to the Browns because: (1) none of the production was from the Browns' tract; and (2) the Browns never ratified the unitization agreement.[3] See *Superior Oil Company v. Roberts*, 398 S.W.2d 276 at 278 (Tex.1966), and the authorities discussed therein. Since there was no obligation to pay royalties to the Browns prior to an effective ratification, there was no cause of action for negligence in failing to pay them. See *Donnan v. Atlantic Richfield*, 732 S.W.2d 715 at 717 (Tex.App.—Corpus Christi 1987, writ den'd).

The judgment of the trial court is affirmed insofar as it awarded judgment for title to an undivided one-half mineral interest to the Browns; the judgment of the trial court is reversed insofar as it awarded damages against Sun, and judgment is rendered that the Browns take nothing against Sun.

Affirmed in part; reversed and rendered in part.

---

**3.** Their only attempt at ratification provided that it "shall be effective *only if* Plaintiffs [the Browns] are successful in asserting their claims for damages [against Sun] as more fully described below [the royalty payments made prior to that date]." (Emphasis added)