James **EDGINGTON** and Maddison
Dual Fuels & Equipment
Company, Appellants,

v.

Deborah D. **MADDISON**, Appellee.

No. B14–92–00359–CV.

Court of Appeals of Texas,
Houston [14th Dist.].

Jan. 20, 1994.

Bernard E. Brooks, Houston, for appellants.

Bonnie Easterly Spencer, Kenneth G. Norman, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a final judgment entered in a divorce action brought by Deborah D. Maddison, appellee, against Paul J. Maddison, II. Appellants, James Edgington and Maddison Dual Fuels Equipment Company ("Maddison Dual") were joined as co-respondents in the divorce action for fraudulent transfer of community property assets. Based on the jury verdict, the trial court rendered judgment for appellee and against appellants. In a single point of error, appellants complain that the trial court erred in denying their Motion for Judgment Non Obstante Veredicto and/or Motion for New Trial because the pleadings of appellee and the jury's answers to question number seven (7) constitute a collateral attack on a previous default judgment obtained by appellant, Edgington, against the husband, Paul J. Maddison, II. We affirm.

Deborah and Paul Maddison, II, were married in 1983, and Mrs. Maddison filed a petition for divorce on August 8, 1988, and later joined her husband's company, Maddison Truck Equipment Company ("Maddison Truck") as a co-respondent. She also joined as co-respondents James Edgington, a long time friend and business associate of her husband, along with a company owned by him, Maddison Dual. Mr. Maddison owned 100% of the stock of Maddison Truck before the marriage, and continued to acquire income from this company after the marriage. On August 23, 1988, the 328th Judicial District Court of Fort Bend County issued Temporary Orders in the divorce action ordering Mr. Maddison to maintain the assets of Maddison Truck and enjoining him from transferring any of its assets. These Temporary Orders remained in effect until the final Decree of Divorce was signed on December 17, 1991.

On August 22, 1990, a separate trial was held to determine the validity of a pre-marital agreement, which the Maddisons had signed shortly before the marriage. The relevant provisions of the agreement provided that all property owned by either spouse prior to the marriage would remain separate property, and the income from the separate property would also be separate property. Based on the jury verdict, the trial court entered judgment that the provision stating that all income from separate property would also be separate property was unenforceable.

Prior to the divorce action, Mr. Maddison had executed a promissory note for $150,000 in favor of his friend and business partner, Edgington. In June of 1988, Edgington filed suit on the note against Mr. Maddison without the joinder of Mrs. Maddison in Brazoria County, Texas. Mr. Maddison filed no answer to the suit, and a default judgment for $255,000 was rendered against him on November 23, 1988, in Brazoria County. In September or October 1990, Edgington, acting on this default judgment, had Mrs. Maddison's car seized under a Writ of Execution in Fort Bend County. Having thus learned of the default judgment, to which she was not a party, Mrs. Maddison intervened in the Brazoria County suit and got her car back.

In December 1990, Edgington took over Maddison Truck, which was later dissolved either in the same month or in January 1991, from the husband. About the same time, Edgington incorporated another company, under the name Maddison Dual Fuels & Equipment Company. Edgington owned 100% of this new corporation. Maddison Dual conducted essentially the same business as Maddison Truck at the same address and with the same phone number. At some point during this time, Mr. Maddison voluntarily transferred all of the assets of Maddison Truck to Maddison Dual.

After Maddison Dual was formed, Edgington hired Mr. Maddison as a salesman. According to the evidence, Mr. Maddison was supposed to receive a flat 5% commission on his sales with no set salary. However, Maddison Dual did pay $220 per month to maintain Mr. Maddison's membership at Sweetwater Country Club, provided him with a car, gasoline, a car phone, and paid his $6,500 per month personal mortgage payments for the real property on which Maddison Dual was located.

On May 22, 1991, Mrs. Maddison added Edgington and Maddison Dual as co-respondents in the divorce action in Fort Bend

County. She alleged that they acted with Mr. Maddison in a scheme to defraud her of her community property rights to Mr. Maddison's income from Maddison Truck.

At the divorce trial in October 1991, the jury found various damages in favor of Mrs. Maddison. It also found that the value of the assets transferred to Edgington by Mr. Maddison so greatly exceeded the amount of his default judgment as to constitute a fraud against the community property rights of Mrs. Maddison. Based on the jury's verdict, the trial court rendered judgment in favor of Mrs. Maddison against Edgington for damages in the amount of $75,000. The final Decree of Divorce was signed on December 17, 1991. Appellants timely filed their Motion for Judgment Non Obstante Veredicto and/or Motion for New Trial. The trial court denied this motion on January 30, 1992.

In 'their sole point of error, appellants allege that the trial court erred in denying their Motion for Judgment Non Obstante Veredicto and/or Motion for New Trial because the pleadings of appellee and the jury's answers to question number seven (7) constitute a collateral attack on the previous default judgment obtained by appellant, Edgington, against Mr. Maddison. Specifically, appellants contend there is no evidence that any community assets of Deborah D. Maddison were transferred, and the submission of question 7 amounted to a collateral attack on the default judgment. We disagree and affirm the judgment.

Before setting out our reasoning, we must first consider the status of this appeal as to Maddison Dual, a company named as co-respondent in the cause of action. Although Maddison Dual joined in the appeal of the judgment of the trial court, there is no point of error regarding it or any mention of the judgment relating to it. Thus, the judgment as to Maddison Dual is final, and we affirm as to it.

■ The evidentiary standards relative to appellants' motion for judgment n.o.v. are clear. A trial court may disregard a jury's answer and sustain a motion for judgment non obstante veredicto only if a directed verdict would have been proper. TEX. R.CIV.P. 301; *Allison v. Parks*, 763 S.W.2d 606, 608 (Tex.App.—Fort Worth 1989, writ denied). In turn, a directed verdict would be appropriate only if the issue was conclusively established as a matter of law. If there is any evidence of probative force supporting the issue, a motion for judgment non obstante veredicto must be overruled. *Dunlop Tire & Rubber Corp. v. Slack*, 276 S.W.2d 400, 401 (Tex.Civ.App.—Fort Worth 1955, no writ).

■ A trial court may render a judgment non obstante veredicto if there is no evidence to support one or more of the necessary jury findings. TEX.R.CIV.P. 301; *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (1990). When considering a "no evidence" point, the appellate court must consider only that evidence and reasonable inferences that tend to support the jury's findings. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985). If the court finds any more than a scintilla of evidence that supports the jury findings, the court must uphold the findings. *James v. Vigilant Ins. Co.*, 674 S.W.2d 925, 926 (Tex.Civ.App.—Amarillo 1984, writ ref'd n.r.e.).

■ In the present case, the jury found in response to question number seven (7) that the value of the assets transferred to James Edgington in satisfaction of his judgment was grossly excessive so as to constitute fraud upon Deborah D. Maddison's community property rights. As stated, the evidence showed that appellant, Edgington, obtained a default judgment of $255,000 against Mr. Maddison and Maddison Truck on a promissory note in the principal amount of $150,000. Appellant, Edgington, testified that he credited the judgment for $120,000 upon the receipt of the assets of Maddison Truck, including trucks and equipment. The record reveals that appellant also obtained the good will of Maddison Truck and that he received permission from Mr. Maddison to use the name "Maddison" in the name of Maddison Dual. Edgington also testified that Maddison Dual's sales were mostly from Maddison Truck accounts and that Maddison Dual's customer base was obtained from Maddison Truck. The evidence further showed that Maddison Dual's initial deposits made to its two bank accounts exceeded the amount of its sales for the period at issue. Appellant

did not account for the excess deposits. There is also evidence that one of Maddison Dual's bank accounts was opened with an initial deposit of $13,000 from the Maddison Truck account, and this account was not initially divulged to Mrs. Maddison. The record reflects that Mr. Maddison's voluntary transfer of the assets of Maddison Truck to Edgington was in violation of the temporary orders specifically prohibiting such transfer. When viewed in the most favorable light, we find that the evidence clearly supports the jury's affirmative answer to question number seven (7), and the court's denial of the motion for judgment n.o.v. was proper.

■ Appellant, however, contends that submission of question number seven (7) amounts to a clear collateral attack on his previous default judgment against Mr. Maddison. A collateral attack on a judgment is an effort to avoid its binding force in a proceeding instituted not for the purpose of amending, correcting, reforming, modifying or vacating it, but in order to obtain some specific relief against which the judgment stands as a bar. *Texaco, Inc. v. LeFevre*, 610 S.W.2d 173, 176 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

■ We find no merit in appellant's argument because Mrs. Maddison was not attempting to collaterally attack the Brazoria County default judgment. The undisputed evidence showed that the Brazoria County default judgment was valid, and the trial court so instructed the jury. Jury question number seven (7), as submitted, was not directed as invalidating the Edgington judgment or the alleged execution thereon by Edgington against Mr. Maddison. The issue was aimed only at a portion of the assets that Mr. Maddison used to pay Edgington for his debt, but not at the judgment itself. Furthermore, the jury finding allowed appellee to recover damages for the fraud committed by Edgington and Mr. Maddison on her community property interest. Appellants refer to an execution on the default judgment, but there is no documentary evidence of such. Nevertheless, the relief sought and obtained by Mrs. Maddison is not a collateral attack on the prior Brazoria judgment. We conclude that appellee has not made any attack on the judgment, either directly or collaterally. Her cause of action was directed at the fraud perpetrated on her in the transfer of her community interest in the assets.

■ In light of the presumption of a valid default judgment, appellant has failed to show on appeal a collateral attack on the prior default judgment. However, even if appellee had attempted a clear collateral attack on the Brazoria County judgment, such an attack under these circumstances would be permissible. A person who is not a party to a judgment may collaterally attack the judgment if his interests were affected by the judgment. *Dean v. First National Bank of Athens*, 494 S.W.2d 222, 226 (Tex.Civ. App.—Tyler 1973, writ ref'd n.r.e.); *Grynberg v. Christiansen*, 727 S.W.2d 665, 666 (Tex.App.—Dallas 1987, no writ). The interest affected must be substantial to justify the attack of a valid judgment. *Grynberg*, 727 S.W.2d at 667.

■ In the case at bar, the collateral attack would be proper because appellee was an interested third party to the Brazoria County judgment because of the jury finding on the pre-marital agreement. The Fort Bend County judgment in essence determined that Mr. Maddison's income from separate property, including Maddison Truck, was community property. As a result of this judgment, appellee's community property rights became a substantial interest in the Brazoria case. Thus, appellee would be able to collaterally attack the Brazoria judgment. If successful, the effect of the collateral attack is not to vacate the judgment as between the parties, but to prevent the enforcement of the judgment from interfering with the rights of third parties. *National Loan & Invest. Co. v. L.W. Pelphrey & Co.*, 39 S.W.2d 926, 929 (Tex.Civ.App.—Eastland 1931, no writ).

Therefore, we overrule appellant's single point of error and affirm the judgment of the trial court.