In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00144-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


MINA VAHEDI NOTASH AND

ALI AMORLLAHI MAJDABADI AND

IN THE INTEREST OF SHAHAB ADIN

AMROLLAH-MAJDABADI AND HASSAM ADIN

AMROLLAH-MAJDABADI, MINOR CHILDREN




 


On Appeal from the 245th Judicial District Court


Harris County, Texas


Trial Court No. 2000-28210




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



 Ali Amorllahi Majdabadi appeals the post-divorce division of community property and
judgment finding breach of fiduciary duty entered in connection with a motion to modify an Iranian
divorce decree. 

 Majdabadi raises three issues on appeal. Majdabadi argues the trial court erred in: 
(1) granting a judgment for breach of fiduciary duty, (2) granting a judgment for exemplary damages
on the breach of fiduciary duty, and (3) awarding both a disproportionate split of the community
estate and damages. We reverse the award based on breach of fiduciary duty and for exemplary
damages. We affirm the judgment awarding a disproportionate division of the community estate.

 In 1987, Ali Amorllahi Majdabadi and Mina Vahedi Notash were married in Iran. The
parties lived together in the State of Texas as husband and wife from 1989 until Notash returned to
Iran in January 1994. While in Texas, Majdabadi and Notash had two children. Notash and the
children moved to Iran in January 1994. Majdabadi and Notash were divorced in Iran on or about
February 1995. The Iranian divorce decree awarded Notash 200,000 rails (approximately $25.00). 
While the Iranian divorce decree made Notash the sole managing conservator of the children, it did
not award any child support or divide community property in Texas. Majdabadi conceded he had
not paid the award in the Iranian divorce, although Majdabadi occasionally sent her small amounts
of cash. Notash and the children returned to the United States in 1998.

 Eventually, Notash filed an action to divide the community property in Texas, which had not
been previously divided, and to modify the Iranian decree. Majdabadi filed a counterclaim for joint
managing conservatorship of the children. The property in question consisted of two lots at 6328
and 6330 West 34th Street in Houston, which were owned by the parties during their marriage. The
lots had been used for a variety of purposes, most recently a used car dealership. Notash also alleged
Majdabadi had breached the fiduciary duty he owed her based on failure to give her any of the profits
derived from the property from the time she moved to Iran. Additionally, Notash alleged several
counts of sexual assault and physical abuse committed by Majdabadi both during and after the
marriage. The trial court held that the Iranian divorce was valid and that the Iranian "Prenuptial
Agreement" was void under the law and public policy of this State. (1) The parties stipulated that
Majdabadi will pay $482.00 per month in child support. (2) The trial court awarded retroactive child
support to be paid into a trust for the children's education. The jury found that Notash should receive
sixty percent of the community estate and that Majdabadi should receive forty percent. The jury also
found Majdabadi had breached his fiduciary duty owed to Notash. The jury found the profit derived
from the operation of the business was $150,000.00 and awarded $100,000.00 in exemplary damages
for the breach. The jury failed to find the allegations of sexual and physical abuse occurred. Notash
was retained as the sole managing conservator of the children, and Majdabadi was awarded standard
visitation rights. The trial court signed a final judgment and order clarifying the Iranian divorce
decree on June 6, 2002, granting Notash a judgment for $150,000.00 in actual damages and
$100,000.00 in exemplary damages.

Breach of Fiduciary Duty

 Majdabadi argues the trial court erred in submitting the special issues on fiduciary duty and
granting judgment for a breach of fiduciary duty. A trial court's conclusions of law are reviewed de
novo. Panola County Fresh Water Supply Dist. No. One v. Panola County Appraisal Dist., 69
S.W.3d 278, 287 (Tex. App.-Texarkana 2002, no pet.). However, an incorrect conclusion of law
requires reversal only if the controlling findings of fact do not support a correct legal theory. 
Hitzelberger v. Samedan Oil Corp., 948 S.W.2d 497, 503 (Tex. App.-Waco 1997, writ denied). 

 Majdabadi argues that, since the trial court held the Iranian divorce was valid, he did not owe
Notash any fiduciary duty. In the context of a divorce, a claim for a breach of fiduciary duty is the
same as a claim for fraud on the community. In re Marriage of Moore, 890 S.W.2d 821, 827 (Tex.
App.-Amarillo 1994, no writ). In response to Majdabadi's argument, Notash cites Vickery v.
Vickery, 999 S.W.2d 342 (Tex. 1999) (Hecht, J., dissenting) (dissent of the Texas Supreme Court's
denial of petition of review which argued the Court of Appeals' decision was inconsistent with prior
holdings and attached the lower court's opinion, Vickery v. Vickery, No. 01-94-01004-CV, 1997 Tex.
App. LEXIS 6275 (Houston [1st Dist.] 1997, pet. denied) (not designated for publication), in an
appendix)). In Vickery, the Houston Court of Appeals held that a wife could recover actual and
exemplary damages for actual fraud in connection with a divorce. Vickery, 1997 Tex. App. LEXIS
6275 (husband fraudulently induced wife to enter into divorce settlement). Although we note that
an unpublished opinion has no precedential value, (3) we believe Vickery is distinguishable from the
current situation. The Houston Court of Appeals based its opinion on actual fraud on her separate
estate and the fact that the husband was an attorney who gave his wife legal advice during
commission of the fraud. Id. The court explicitly held the wife's claim was not one of constructive
fraud on the community. Id. The husband was liable for fraudulently inducing his wife to sign the
agreement, not for fraud on the community. Id. In this case, the jury was only instructed on
fiduciary duty arising out of a marital relationship, i.e., fraud on the community. The only fiduciary
duty instruction submitted to the jury was that their relationship as husband and wife established a
fiduciary duty. The fiduciary duty between husband and wife terminates on divorce. Grossnickle
v. Grossnickle, 935 S.W.2d 830, 846 (Tex. App.-Texarkana 1996, writ denied); see also Parker v.
Parker, 897 S.W.2d 918, 924 (Tex. App.-Fort Worth 1995, writ denied), overruled on other
grounds, Formosa Plastics Corp. USA v. Presidio Eng'rs & Contrs., 960 S.W.2d 41 (Tex. 1998);
Boyd v. Boyd, 67 S.W.3d 398, 405 (Tex. App.-Fort Worth 2002, no pet.); Bass v. Bass, 790 S.W.2d
113, 119 (Tex. App.-Fort Worth 1990, no writ). Therefore, Majdabadi did not owe Notash a
fiduciary duty based on their marital relationship after February 1995. 

 When a court fails to divide property at the time of the divorce, the ex-spouses become
tenants in common as to the ownership of the property. Busby v. Busby, 457 S.W.2d 551, 554 (Tex.
1970), questioned on other grounds, Jeffrey v. Kendricks, 621 S.W.2d 207 (Tex. App.-Amarillo
1981, no writ); In re Taylor, 992 S.W.2d 616, 619 (Tex. App.-Texarkana 1999, no pet.); Soto v.
Soto, 936 S.W.2d 338, 340 (Tex. App.-El Paso 1996, no writ); Burgess v. Easley, 893 S.W.2d 87,
90 (Tex. App.-Dallas 1994, no writ). "There exists no fiduciary or agency relationship between
cotenants, or tenants in common, in the absence of an agreement or contract providing for such." 
Donnan v. Atl. Richfield, 732 S.W.2d 715, 717 (Tex. App.-Corpus Christi 1987, writ denied); see
Mims v. Beall, 810 S.W.2d 876, 879 (Tex. App.-Texarkana 1991, no writ). Therefore, Majdabadi
did not owe Notash a fiduciary duty based solely on their relationship as cotenants.

 Majdabadi did owe Notash a fiduciary duty from 1989 until they were divorced in February
1995. However, "no independent cause of action exists in Texas to recover separate damages when
the wrongful act defrauded the community estate." Schlueter v. Schlueter, 975 S.W.2d 584, 589
(Tex. 1998). Because a spouse has an adequate remedy through disproportionate division of the
community estate, fraud on the community is properly considered when dividing a community
estate. (4) The breach of fiduciary duty may be considered as a factor in the disproportionate division
of the community estate, but Notash cannot pursue separate damages through an independent cause
of action.

 Furthermore, there is no evidence of a wrongful transfer of community property. The time
period for the breach of fiduciary duty that Notash argued at trial included profits from before the
divorce, although the bulk of the profits was after the Iranian divorce. There is no evidence of actual
fraud on the community during this time period. Actual fraud requires the nonmanaging spouse to
show that the other spouse dishonestly and purposely intended to deprive the nonmanaging spouse
of the use and enjoyment of the assets of the joint community property. Horlock v. Horlock, 533
S.W.2d 52, 55 (Tex. Civ. App.-Houston [14th Dist.] 1975, writ dism'd). 

 If a managing spouse unfairly deprives the other spouse of the benefit of the community
property, he or she may have committed constructive fraud even without fraudulent intent. Jackson
v. Smith, 703 S.W.2d 791, 795 (Tex. App.-Dallas 1985, no writ). Notash and Majdabadi lived
together in Texas as husband and wife from 1989 to January 1994. During this time, Majdabadi
provided the sole income and support for the family. The only issue which remains is whether
Majdabadi committed constructive fraud on the community from January 1994 to February 1995. 
During this time, Notash and the children were in Iran and only received occasional small cash
payments from Majdabadi. However, the record does not indicate an improper disposition of the
profits of the business. 

 Notash had the burden of proof to establish transfer of property outside of the community. 
"Although the burden of proof to show the fairness of a transfer is upon the spouse responsible for
the transfer, it is the burden of the complaining spouse to show that there was a transfer of
community property in the first place." In re Marriage of DeVine, 869 S.W.2d 415, 423 n.11 (Tex.
App.-Amarillo 1993, writ denied). There is no evidence that Majdabadi (1) transferred property to
third parties, (2) made excessive gifts to third parties, or (3) used community property to benefit his
separate estate during this time period. The evidence is legally insufficient when (a) there is a
complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to
prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the
opposite of the vital fact. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998). The evidence is legally insufficient to support a breach of fiduciary duty, or fraud on the
community, during the marriage.

Exemplary Damages

 Majdabadi contends the trial court also erred in granting a judgment which included
exemplary damages for breach of fiduciary duty. "Recovery of punitive damages requires a finding
of an independent tort with accompanying actual damages." Fed. Express Corp. v. Dutschmann, 846
S.W.2d 282, 284 (Tex. 1993) (per curiam). Because we have already held that no fiduciary duty
existed after the Iranian divorce and that insufficient evidence exists to support fraud on the
community before the divorce, there is no independent tort. "The mere availability of a tort-based
theory of recovery is not sufficient; actual damages sustained from a tort must be proven before
punitive damages are available." Twin City Fire Ins. Co. v. Davis, 904 S.W.2d 663, 665 (Tex. 1995). 
Further, the Texas Supreme Court has held that, because fraud on the community is not a tort
independent of the divorce, exemplary damages could not be awarded. Schlueter, 975 S.W.2d at
588. Therefore, no exemplary damages can be recovered because no independent tort was proven,
no actual damages due to an independent tort exist, and fraud on the community is not an
independent tort.

Disproportionate Division of the Community Estate

 Majdabadi argues the trial court erred by awarding both a disproportionate split of the
community estate as well as damages. Because we have already held that no breach of fiduciary duty
occurred, we will not examine whether damages can be awarded in addition to a disproportionate
split of the estate and will only examine whether a disproportionate split of the prior community
estate was proper. (5)
 

 The Texas Family Code was amended in 1987 to permit a "just and right" division of the
property in a post-divorce suit. See Tex. Fam. Code Ann. §§ 9.201-.203 (Vernon 1998). "The trial
court's division of the property should be corrected on appeal only if the trial court clearly abused
its discretion by ordering a division that is manifestly unjust and unfair." Grossnickle, 935 S.W.2d
at 836; see McKnight v. McKnight, 543 S.W.2d 863, 866 (Tex. 1976). "A presumption arises on
appeal that the trial court correctly exercised its discretion in dividing property in a divorce
proceeding, and the burden rests on the appellant to show from the record that the division was so
disproportionate, and thus unjust and unfair, as to constitute an abuse of discretion." Grossnickle,
935 S.W.2d at 836. Evidence was introduced that Majdabadi sent Notash to Iran knowing she could
not leave the country without his permission or return to the United States without a proper visa. 
Evidence introduced at trial indicates that the small amounts of cash sent by Majdabadi represented
only a fraction of the amount necessary for Notash's support during the time Notash was in Iran. 
Further, Notash, who has a high school degree, has much less potential earning capacity than
Majdabadi, who has a master's degree in chemistry. Therefore, Majdabadi has not shown the
division was so disproportionate as to be unjust or unfair. Absent a clear abuse of discretion, we
hold the disproportionate division of the prior community property was proper.

 We reverse the trial court's award of actual and exemplary damages based on a breach of
fiduciary duty and render judgment that Mina Vahedin Notash take nothing on those claims. We
affirm the remainder of the trial court's judgment.




 Jack Carter

 Justice


Date Submitted: September 25, 2003

Date Decided: September 26, 2003


1. Neither Majdabadi nor Notash contend on appeal the Iranian divorce is invalid.
2. Notash did not argue that Majdabadi, who holds a master's degree in chemistry, was
underemployed and should be liable for a larger amount of child support.
3. Effective January 1, 2003, unpublished cases can now be cited in documents to the court. 
Tex. R. App. P. 47.7. Although an unpublished case still has no precedential value, it may be an "aid
in developing reasoning that may be employed . . . be it similar or different." Carrillo v. State, 98
S.W.3d 789, 794 (Tex. App.-Amarillo 2003, pet. ref'd).
4. Schlueter v. Schlueter, 975 S.W.2d 584, 588 (Tex. 1998). We note, however, that, in certain
circumstances, other remedies may be available, such as setting aside the transfer of the property
wrongfully conveyed or reimbursement of the value of the wrongfully conveyed property to the
community estate. See Zieba v. Martin, 928 S.W.2d 782, 789-90 (Tex. App.-Houston [14th Dist.]
1996, no writ); Edgington v. Maddison, 870 S.W.2d 187, 189-90 (Tex. App.-Houston [14th Dist.]
1994, no writ); Belz v. Belz, 667 S.W.2d 240, 246-47 (Tex. App.-Dallas 1994, writ ref'd n.r.e.);
Carnes v. Meador, 533 S.W.2d 365, 371 (Tex. Civ. App.-Dallas 1975, writ ref'd n.r.e.).
5. Before 1987, undivided community property could only be divided by a suit to partition the
cotenancy. See Walton v. Lee, 888 S.W.2d 604, 605 (Tex. App.-Beaumont 1994, writ denied),
overruled on other grounds, Havlen v. McDougall, 22 S.W.3d 343 (Tex. 2000). The presumption
was that the prior community property held as a tenancy in common would be split equally. 
Boniface v. Boniface, 656 S.W.2d 131, 134-35 (Tex. App.-Austin 1983, no writ).