In the Matter of the MARRIAGE OF Mina Vahedi NOTASH and Ali Amrollahi Majdabadi and in the Interest of Shahab Adin Amrollah–Majdabadi and Hassam Adin Amrollah–Majdabadi, Minor Children.

No. 06–02–00144–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 25, 2003.

Decided Sept. 26, 2003.

Ronald B. Pruitt, Houston, for appellant.

Wayman L. Prince, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Ali Amorllahi Majdabadi appeals the post-divorce division of community property and judgment finding breach of fiduciary duty entered in connection with a motion to modify an Iranian divorce decree.

Majdabadi raises three issues on appeal. Majdabadi argues the trial court erred in: (1) granting a judgment for breach of fiduciary duty, (2) granting a judgment for exemplary damages on the breach of fiduciary duty, and (3) awarding both a disproportionate split of the community estate and damages. We reverse the award based on breach of fiduciary duty and for exemplary damages. We affirm the judgment awarding a disproportionate division of the community estate.

In 1987, Ali Amorllahi Majdabadi and Mina Vahedi Notash were married in Iran. The parties lived together in the State of Texas as husband and wife from 1989 until Notash returned to Iran in January 1994. While in Texas, Majdabadi and Notash had two children. Notash and the children moved to Iran in January 1994. Majdabadi and Notash were divorced in Iran on or about February 1995. The Iranian divorce decree awarded Notash 200,000 rails (approximately $25.00). While the Iranian divorce decree made Notash the sole managing conservator of the children, it did not award any child support or divide community property in Texas. Majdabadi conceded he had not paid the award in the Iranian divorce, although Majdabadi occasionally sent her small amounts of cash. Notash and the children returned to the United States in 1998.

Eventually, Notash filed an action to divide the community property in Texas, which had not been previously divided, and to modify the Iranian decree. Majdabadi filed a counterclaim for joint managing conservatorship of the children. The property in question consisted of two lots at 6328 and 6330 West 34th Street in Houston, which were owned by the parties during their marriage. The lots had been used for a variety of purposes, most recently a used car dealership. Notash also alleged Majdabadi had breached the fiduciary duty he owed her based on failure to give her any of the profits derived from the property from the time she moved to Iran. Additionally, Notash alleged several counts of sexual assault and physical abuse committed by Majdabadi both during and after the marriage. The trial court held that the Iranian divorce was valid and that the Iranian "Prenuptial Agreement" was void under the law and public policy of this State.[1] The parties stipulated that Majdabadi will pay $482.00 per month in child support.[2] The trial court awarded retroactive child support to be paid into a trust for the children's education. The jury found that Notash should receive sixty percent of the community estate and that Majdabadi should receive forty percent. The jury also found Majdabadi had breached his fiduciary duty owed to Notash. The jury found the profit derived from the operation of the business was $150,000.00 and awarded $100,000.00 in exemplary damages for the breach. The jury failed to find the allegations of sexual and physical abuse occurred. Notash was retained as the sole managing conservator of the children, and Majdabadi was awarded standard visitation rights. The trial court signed a final judgment and order

clarifying the Iranian divorce decree on June 6, 2002, granting Notash a judgment for $150,000.00 in actual damages and $100,000.00 in exemplary damages.

*Breach of Fiduciary Duty*

■ Majdabadi argues the trial court erred in submitting the special issues on fiduciary duty and granting judgment for a breach of fiduciary duty. A trial court's conclusions of law are reviewed de novo. *Panola County Appraisal Dist. v. Panola County Fresh Water Supply Dist. No. One*, 69 S.W.3d 278, 287 (Tex.App.-Texarkana 2002, no pet.). However, an incorrect conclusion of law requires reversal only if the controlling findings of fact do not support a correct legal theory. *Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex.App.-Waco 1997, writ denied).

■ Majdabadi argues that, since the trial court held the Iranian divorce was valid, he did not owe Notash any fiduciary duty. In the context of a divorce, a claim for a breach of fiduciary duty is the same as a claim for fraud on the community. *In re Marriage of Moore*, 890 S.W.2d 821, 827 (Tex.App.-Amarillo 1994, no writ). In response to Majdabadi's argument, Notash cites *Vickery v. Vickery*, 999 S.W.2d 342 (Tex.1999) (Hecht, J., dissenting) (dissent of the Texas Supreme Court's denial of petition of review which argued the Court of Appeals' decision was inconsistent with prior holdings and attached the lower court's opinion, *Vickery v. Vickery*, No. 01–94–01004–CV, 1996 WL 745881, 1997 Tex. App. LEXIS 6275 (Houston [1st Dist.] 1996, pet. denied) (not designated for publication), (in an appendix)). In *Vickery*, the Houston Court of Appeals held that a

1. Neither Majdabadi nor Notash contend on appeal the Iranian divorce is invalid.

2. Notash did not argue that Majdabadi, who holds a master's degree in chemistry, was underemployed and should be liable for a larger amount of child support.

wife could recover actual and exemplary damages for actual fraud in connection with a divorce. *Vickery*, 1996 WL 745881, 1997 Tex.App. LEXIS 6275 (husband fraudulently induced wife to enter into divorce settlement). Although we note that an unpublished opinion has no precedential value,[3] we believe *Vickery* is distinguishable from the current situation. The Houston Court of Appeals based its opinion on actual fraud on her separate estate and the fact that the husband was an attorney who gave his wife legal advice during commission of the fraud. *Id.* The court explicitly held the wife's claim was not one of constructive fraud on the community. *Id.* The husband was liable for fraudulently inducing his wife to sign the agreement, not for fraud on the community. *Id.* In this case, the jury was only instructed on fiduciary duty arising out of a marital relationship, i.e., fraud on the community. The only fiduciary duty instruction submitted to the jury was that their relationship as husband and wife established a fiduciary duty. The fiduciary duty between husband and wife terminates on divorce. *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 846 (Tex.App.-Texarkana 1996, writ denied); *see also Parker v. Parker*, 897 S.W.2d 918, 924 (Tex.App.-Fort Worth 1995, writ denied), *overruled on other grounds, Formosa Plastics Corp. USA v. Presidio Eng'rs & Contrs.*, 960 S.W.2d 41 (Tex.1998); *Boyd v. Boyd*, 67 S.W.3d 398, 405 (Tex.App.-Fort Worth 2002, no pet.); *Bass v. Bass*, 790 S.W.2d 113, 119 (Tex.App.-Fort Worth 1990, no writ). Therefore, Majdabadi did not owe Notash a fiduciary duty based on their marital relationship after February 1995.

■ When a court fails to divide property at the time of the divorce, the ex-spouses become tenants in common as to the ownership of the property. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970), *questioned on other grounds, Jeffrey v. Kendrick*, 621 S.W.2d 207 (Tex.App.-Amarillo 1981, no writ); *In re Taylor*, 992 S.W.2d 616, 619 (Tex.App.-Texarkana 1999, no pet.); *Soto v. Soto*, 936 S.W.2d 338, 340 (Tex.App.-El Paso 1996, no writ); *Burgess v. Easley*, 893 S.W.2d 87, 90 (Tex. App.-Dallas 1994, no writ). "There exists no fiduciary or agency relationship between cotenants, or tenants in common, in the absence of an agreement or contract providing for such." *Donnan v. Atl. Richfield*, 732 S.W.2d 715, 717 (Tex.App.-Corpus Christi 1987, writ denied); *see Mims v. Beall*, 810 S.W.2d 876, 879 (Tex.App.-Texarkana 1991, no writ). Therefore, Majdabadi did not owe Notash a fiduciary duty based solely on their relationship as cotenants.

■ Majdabadi did owe Notash a fiduciary duty from 1989 until they were divorced in February 1995. However, "no independent cause of action exists in Texas to recover separate damages when the wrongful act defrauded the community estate." *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex.1998). Because a spouse has an adequate remedy through disproportionate division of the community estate, fraud on the community is properly considered when dividing a community estate.[4]

---

3. Effective January 1, 2003, unpublished cases can now be cited in documents to the court. TEX.R.APP. P. 47.7. Although an unpublished case still has no precedential value, it may be an "aid in developing reasoning that may be employed ... be it similar or different." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App.-Amarillo 2003, pet. ref'd).

4. *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex.1998). We note, however, that, in certain circumstances, other remedies may be available, such as setting aside the transfer of the property wrongfully conveyed or reimbursement of the value of the wrongfully conveyed property to the community estate. *See Zieba v. Martin*, 928 S.W.2d 782, 789–90 (Tex.

The breach of fiduciary duty may be considered as a factor in the disproportionate division of the community estate, but Notash cannot pursue separate damages through an independent cause of action.

■ Furthermore, there is no evidence of a wrongful transfer of community property. The time period for the breach of fiduciary duty that Notash argued at trial included profits from before the divorce, although the bulk of the profits was after the Iranian divorce. There is no evidence of actual fraud on the community during this time period. Actual fraud requires the nonmanaging spouse to show that the other spouse dishonestly and purposely intended to deprive the nonmanaging spouse of the use and enjoyment of the assets of the joint community property. *Horlock v. Horlock*, 533 S.W.2d 52, 55 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ dism'd).

■ If a managing spouse unfairly deprives the other spouse of the benefit of the community property, he or she may have committed constructive fraud even without fraudulent intent. *Jackson v. Smith*, 703 S.W.2d 791, 795 (Tex.App.-Dallas 1985, no writ). Notash and Majdabadi lived together in Texas as husband and wife from 1989 to January 1994. During this time, Majdabadi provided the sole income and support for the family. The only issue which remains is whether Majdabadi committed constructive fraud on the community from January 1994 to February 1995. During this time, Notash and the children were in Iran and only received occasional small cash payments from Majdabadi. However, the record does not indicate an improper disposition of the profits of the business.

■ Notash had the burden of proof to establish transfer of property outside of the community. "Although the burden of proof to show the fairness of a transfer is upon the spouse responsible for the transfer, it is the burden of the complaining spouse to show that there was a transfer of community property in the first place." *In re Marriage of DeVine*, 869 S.W.2d 415, 423 n. 11 (Tex.App.-Amarillo 1993, writ denied). There is no evidence that Majdabadi (1) transferred property to third parties, (2) made excessive gifts to third parties, or (3) used community property to benefit his separate estate during this time period. The evidence is legally insufficient when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998). The evidence is legally insufficient to support a breach of fiduciary duty, or fraud on the community, during the marriage.

*Exemplary Damages*

■ Majdabadi contends the trial court also erred in granting a judgment which included exemplary damages for breach of fiduciary duty. "Recovery of punitive damages requires a finding of an independent tort with accompanying actual damages." *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 284 (Tex.1993) (per curiam). Because we have already held that no fiduciary duty existed after the

App.-Houston [14th Dist.] 1996, no writ); *Edgington v. Maddison*, 870 S.W.2d 187, 189–90 (Tex.App.-Houston [14th Dist.] 1994, no writ); *Belz v. Belz*, 667 S.W.2d 240, 246–47

(Tex.App.-Dallas 1984, writ ref'd n.r.e.); *Carnes v. Meador*, 533 S.W.2d 365, 371 (Tex. Civ.App.-Dallas 1975, writ ref'd n.r.e.).

Iranian divorce and that insufficient evidence exists to support fraud on the community before the divorce, there is no independent tort. "The mere availability of a tort-based theory of recovery is not sufficient; actual damages sustained from a tort must be proven before punitive damages are available." *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 665 (Tex. 1995). Further, the Texas Supreme Court has held that, because fraud on the community is not a tort independent of the divorce, exemplary damages could not be awarded. *Schlueter*, 975 S.W.2d at 588. Therefore, no exemplary damages can be recovered because no independent tort was proven, no actual damages due to an independent tort exist, and fraud on the community is not an independent tort.

*Disproportionate Division of the Community Estate*

 Majdabadi argues the trial court erred by awarding both a disproportionate split of the community estate as well as damages. Because we have already held that no breach of fiduciary duty occurred, we will not examine whether damages can be awarded in addition to a disproportionate split of the estate and will only examine whether a disproportionate split of the prior community estate was proper.[5]

 The Texas Family Code was amended in 1987 to permit a "just and right" division of the property in a post-divorce suit. *See* TEX. FAM.CODE ANN. §§ 9.201–.203 (Vernon 1998). "The trial court's division of the property should be corrected on appeal only if the trial court clearly abused its discretion by ordering a

division that is manifestly unjust and unfair." *Grossnickle*, 935 S.W.2d at 836; *see McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex.1976). "A presumption arises on appeal that the trial court correctly exercised its discretion in dividing property in a divorce proceeding, and the burden rests on the appellant to show from the record that the division was so disproportionate, and thus unjust and unfair, as to constitute an abuse of discretion." *Grossnickle*, 935 S.W.2d at 836. Evidence was introduced that Majdabadi sent Notash to Iran knowing she could not leave the country without his permission or return to the United States without a proper visa. Evidence introduced at trial indicates that the small amounts of cash sent by Majdabadi represented only a fraction of the amount necessary for Notash's support during the time Notash was in Iran. Further, Notash, who has a high school degree, has much less potential earning capacity than Majdabadi, who has a master's degree in chemistry. Therefore, Majdabadi has not shown the division was so disproportionate as to be unjust or unfair. Absent a clear abuse of discretion, we hold the disproportionate division of the prior community property was proper.

We reverse the trial court's award of actual and exemplary damages based on a breach of fiduciary duty and render judgment that Mina Vahedin Notash take nothing on those claims. We affirm the remainder of the trial court's judgment.

---

5. Before 1987, undivided community property could only be divided by a suit to partition the cotenancy. *See Walton v. Lee*, 888 S.W.2d 604, 605 (Tex.App.-Beaumont 1994, writ denied), *overruled on other grounds, Havlen v. McDougall*, 22 S.W.3d 343 (Tex.2000). The presumption was that the prior community property held as a tenancy in common would be split equally. *Boniface v. Boniface*, 656 S.W.2d 131, 134–35 (Tex.App.-Austin 1983, no writ).