NUMBER 13-02-621-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
SANDHAYA VEGUNTA NAGUBADI,                                          Appellant,
v.
NARAYANA SWAMY NAGUBADI AND 
RAMAMURTHY NAGUBADI,                                                      Appellees.



On appeal from the 148th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza

                             Opinion by Chief Justice Valdez
 
         This is an appeal from a final decree of divorce. Appellant, Sandhya Vegunta
Nagubadi, is appealing the trial court’s decision dividing community assets and
dictating the terms of child custody and support following her divorce from appellee,
Narayana Swamy Nagubadi (“Swamy”). Ramamurthy Nagubadi, Swamy’s father, was
also joined in the suit and is an appellee here. Sandhya alleges that the trial court
erred by (1) restricting the location of her future residence in its child custody order;
(2) declaring that the home state of the child would be Illinois; (3) granting Swamy’s
father, Ramamurthy, title to certain property in India and ordering Sandhya to execute
a quitclaim deed on said property; (4) failing to find certain transfers of property and
funds from Swamy to Ramamurthy fraudulent; and (5) failing to effectuate an
equitable division of the couple’s community property. Because we conclude the trial
court should not have named Illinois as the home state of the child and, further, should
not have granted title to the property in India to Ramamurthy, we modify the judgment
and affirm as modified. 
Home State Designation
         Sandhya alleges by her first two issues that the trial court was without
jurisdiction to issue an “advisory opinion” declaring that Sandhya would lose her joint
managing conservatorship rights if she did not move to Chicago after two years and
further declaring that the child’s home state would be Illinois. 
         Sandhya, Swamy, and their child, N. N., resided in Texas when Sandhya first
filed her petition for divorce; however, by the time the final decree of divorce was
entered, Sandhya was living in Dayton, Ohio, where she was completing a two-year
medical residency program, and Swamy was residing with his parents in Chicago,
Illinois. In its final decree of divorce, the trial court recognized the new locations of
the parties by declaring that “the home state of the child shall be Illinois.” The court
then established provisions for the joint custody order and concluded:
The above period of possession of and access to the child between the
parents are conditioned upon [Sandhya’s] residence in a location no
further from Chicago, Illinois than Dayton, Ohio. The above period of
possession and access between the parents will continue to be in effect
until further order of a court of competent jurisdiction. In the event
[Sandhya] removes her residence at the end of two years of her
physician’s training program and relocates to a residence other than
Chicago, Illinois, possession of the child shall be in accordance with the
terms of a standard possession order for parents who reside 100 miles
or more apart. 

         Sandhya complains that these portions of the order are improperly advisory, as
the court has attempted to dictate the actions of the parties after they leave the
jurisdiction of Texas. We answer her complaint by first addressing the designation of
Illinois as the home state of the child. 
         A trial court’s conservatorship and child support decisions are evaluated against
an abuse of discretion standard. Agraz v. Carnley, 143 S.W.3d 547, 553-54 (Tex.
App.–Dallas 2004, no pet.). At the time Sandhya filed for divorce, the trial court was
to designate a primary physical residence for the child when establishing the terms of
a joint conservatorship. See Tex. Fam. Code Ann. § 153.136 (Vernon 2002), repealed
by Acts 2003, 78th Leg., ch. 1036, § 22 (eff. Sept. 1, 2003). A “home state”
designation, however, is not equivalent to a primary physical residence designation;
instead, a home state is statutorily defined as “the state in which a child lived with a
parent . . . for at least six consecutive months immediately before the commencement
of a child custody proceeding.” Tex. Fam. Code Ann. § 152.102 (7) (Vernon 2002);
see also In re Brilliant, 86 S.W.3d 680, 684-85 (Tex. App.–El Paso 2002, no pet.). 
Both parties assert that at the commencement of the proceeding, Sandhya, Swamy
and N.N. had all resided in Texas for the requisite period of time. Therefore, by
statute, the home state of the child was Texas. See Tex. Fam. Code Ann. § 152.102
(7). Furthermore, following the commencement of the proceedings, N.N. had resided
in both Illinois and Ohio; she had not spent six consecutive months in any one location. 
Thus, we conclude that the trial court erred by designating the home state of the child
as Illinois, and we strike the language in the final decree of divorce referring to Illinois
as the home state of N.N. See In re Poole, 975 S.W.2d 342, 347 (Tex. App.–Waco
1998, no pet.). Sandhya’s second issue on appeal is, accordingly, sustained. 
         Sandhya also alleges that the trial court’s decree strips her of her
conservatorship rights if, upon completion of her residency program, she fails to move
to Chicago. We disagree. The trial court’s order essentially expires at the conclusion
of Sandhya’s residency. Although the order goes on to state that a standard
possession order will be invoked if the parties reside in separate cities, it first qualifies
this statement by noting that the order may be modified by a court of competent
jurisdiction. As Texas will no longer be the home state of any party involved, the
Texas courts will no longer possess exclusive continuing jurisdiction over the divorce,
and upon expiration of the existing order, the terms of the conservatorship may be
modified by the new home state court as it sees fit. See Tex. Fam. Code Ann. §
152.202 (Vernon 2002); In re B.O.G., 48 S.W.3d 312, 317 (Tex. App.–Waco 2002,
pet. denied). Furthermore, the implementation of a standard possession order will not
act to strip Sandhya of her conservatorship of N.N., as such an order acts to establish
effective joint custody routines and gives both parents rights to possession of and
access to the child. See Tex. Fam. Code Ann. § 153.313 (Vernon 2002). Neither
parent loses conservatorship rights if a standard possession order is enacted. Thus,
we conclude that the trial court’s order does not threaten Sandhya’s conservatorship
rights if she fails to move to Chicago at the end of her residency. Although her rights
to possession may change or be subject to the jurisdiction of a different court, she will
still be considered, under the terms of the order, a joint conservator of the child. 
Accordingly, this issue is overruled. 
Property in India
         By her third issue, Sandhya complains that the trial court exceeded its
jurisdiction when it granted Ramamurthy, Swamy’s father, title to property in India. 
The trial court’s decree ordered Sandhya to “enter a quit claim deed in favor of
Ramamurthy Nagubadi to her share of rights to the land in India,” and it provided
further that if the quit claim deed were found to be insufficient under Indian law to
transfer Sandhya’s interest in the property to Ramamurthy, then Ramamurthy would
be “entitled to a declaratory judgment from this court to effect same.” Sandhya now
argues that the trial court did not have jurisdiction over the property in question.
         We review questions of jurisdiction de novo. Herring v. Welborn, 27 S.W.3d
132, 136 (Tex. App.–San Antonio 2000, pet. denied). Texas courts cannot adjudicate
title to interests in real property located outside the borders of this state. See Kelly
Oil Co., Inc. v. Svetlik, 975 S.W.2d 762, 764 (Tex. App.–Corpus Christi 1998, pet.
denied). Texas courts may, however, compel a party over whom it has jurisdiction to
execute a conveyance of a real property interest situated elsewhere. Id. The
important factor distinguishing between these two principles is whether the cause
before the court involves a “naked question of title.” Id. (citing Hartman v. Sirgo
Operating, Inc., 863 S.W.2d 764, 766 (Tex. App.–El Paso 1993, writ denied)). To
determine whether a naked question of title is involved, courts look to the primary
purpose underlying the disputed claim. Id. 
         In this case, Ramamurthy alleges in his third-party cross-claim against Sandhya
that he should be recognized as the equitable title holder of the disputed property. The
primary purpose of his involvement in the case, by his own admission, was to ensure
that the property was declared to be his. Therefore, this issue did involve a naked
question of title as a part of the divorce decree and should be resolved by a court
having jurisdiction over the property in question. As the Texas district court did not
have jurisdiction over the property such that it could resolve this title dispute, we
accordingly sustain Sandhya’s third issue on appeal and strike the section of the final
divorce decree that purports to award title of the property in India to Ramamurthy. 
Community Property
         In her fourth issue on appeal, Sandhya asserts that the trial court erred by failing
to find certain transfers of property from Swamy to Ramamurthy to be fraudulent. 
Before Sandhya filed her petition for divorce, Swamy transferred various funds to his
father from the couple’s joint bank accounts. At trial, Swamy accounted for these
transfers by noting that they were repayments of various investments made by his
father. For example, Ramamurthy had purchased a condominium for Swamy in Texas. 
Once Swamy sold the condominium following his marriage to Sandhya, the proceeds
from the sale belonged not to the couple but to Ramamurthy. Likewise, Ramamurthy
had invested in an Indian bio-technology company known as Transgene. The
investment failed to perform as expected, and Swamy and his brother attempted to
recoup their father’s initial investment. The Transgene funds recovered by Swamy
were later transferred to Ramamurthy. 
         In divorce proceedings, a spouse has various remedies against another spouse
for improper conduct involving the community estate. See Schlueter v. Schlueter, 975
S.W.2d 584, 588 (Tex. 1998). Texas recognizes the concept of “fraud on the
community,” which is a wrong by one spouse that the court may consider in its
division of the estate of the parties and that may justify an unequal division of the
property. Id. The burden of proof to demonstrate the fairness of a transfer of property
outside of the community is upon the spouse responsible for the transfer; however,
the complaining spouse has the initial burden to show that there was a transfer of
community property in the first place.


 In re Marriage of Notash, 118 S.W.3d 868,
873 (Tex. App.–Texarkana 2003, no pet.). 
         Fraud on the community can be committed through actual or constructive fraud. 
Actual fraud requires the non-managing spouse to show that the other spouse
dishonestly and purposely intended to deprive the non-managing spouse of the use and
enjoyment of the assets of the joint community property. See id. Constructive fraud
does not require a showing of fraudulent intent and may be shown if a managing
spouse unfairly deprives the other spouse of the benefit of the community property. 
See id. On appeal, the appellate court reviews the trial court’s decision under an
abuse of discretion standard, keeping in mind that trial courts are allowed to consider
many factors when making a just and right division of community property, including
the fraudulent wasting of community assets. See Schlueter, 975 S.W.2d at 589.
         Sandhya alleges that Swamy committed both actual and constructive fraud on
the community by transferring funds belonging to the couple to his father. At trial,
Swamy and his father testified as to why the transfers had been made. Both men
accounted for each transaction. Sandhya failed to provide probative evidence
disputing their testimony, and apart from bare allegations made by counsel for
Sandhya, there was no evidence of dishonesty or fraudulent intent. Swamy
demonstrated that the condominium sold was the property of his father, and the
Transgene investment was made by his father. A bank account also disputed by the
parties was opened by his father, and Swamy testified that he had never handled the
account, a fact which Sandhya did not dispute or disprove. The evidence was both
legally and factually sufficient to support the trial court’s order, see In re Marriage of
Notash, 118 S.W.3d at 873, and we conclude that the court did not err in failing to
find that the transactions were fraudulent. Accordingly, Sandhya’s fourth issue is
overruled. 
Unequal Distribution
         Sandhya argues, by her final issue on appeal, that the division of property made
by the trial court was inequitable. A trial court is presumed to have properly exercised
its discretion in dividing the fruits of a marriage. Murff v. Murff, 615 S.W.2d 696,
699 (Tex. 1981); Saldana v. Saldana, 791 S.W.2d 316, 319 (Tex. App.–Corpus
Christi 1990, no writ). In this regard the trial court has wide discretion in dividing the
parties' community estate and that division should not be corrected on appeal except
when a clear abuse of discretion is shown. Murff, 615 S.W.2d at 698; Saldana, 791
S.W.2d at 319.
         Sandhya complains that the trial court’s order dividing the couple’s property
unfairly favored Swamy and awarded him the majority of the couple’s property. 
However, in making this allegation, she included as part of the couple’s community
property the funds allegedly subject to fraudulent transfer by Swamy to Ramamurthy. 
We have previously concluded that these transfers were not fraudulent and, therefore,
the property in question was not community property. Without considering the
disputed property as community property subject to division, the remainder of the
property was divided almost evenly between the parties. 
         We have reviewed the trial court’s division of the couple’s community property,
and we conclude that the trial court properly exercised its discretion in dividing the
property between the two parties. Accordingly, we overrule Sandhya’s final issue on
appeal. 
Conclusion
         We modify the trial court’s judgment so as to strike the paragraphs establishing
Illinois as the home state of the child, N.N., and granting Ramamurthy a quitclaim deed
to the property claimed by Sandhya in India. We otherwise affirm the judgment of the
trial court as modified. 


          
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 

Memorandum Opinion delivered and filed
this 10th day of February, 2005.